Judge Underwood,
delivered the opinion of the court.
Madden filed bis bill for the rescisión of a contract made for the exchange of lands, and which had been executed by conveyances, it seems from the proof, that Madden did not rely on the representations made by Leak, as to the quality and situation of the land which he was to get from him. When advised to visit the land before he traded, he said he had obtained information from Dixon and others, iii whom he had confidence. Besides, the grounds upon which to impute fraud to Leak, are not sufficiently supported by the evidence. Madden’s conduct, after visiting the land he got by the exchange, in surrendering the possession of that he parted with, and his declarations, that he could make more out of the land he got, than Leak could sell his for, taken in connection with the whole evidence, induce us to coincide with the circuit court in refusing to set aside the contract for fraud.
As the contract was executed, there is no ground for going into chancery on account of a defective title; unless it had been shown that Leak had practized a fraud, in pretending to convey what he had no right to do. Leak relies on the fact, that the contract was executed, and denies fraud. There is no evidence that Leak made any representations in regard to the title, and it appears that he was recognized as the owner of the land. The whole transaction shows that he was a claimant in good faith, and the amended bill in relation to the title, seems to be an after thought. The main object of the bill being defeated, we shall leave the parties to their legal remedies,
, , The decree is amrmed with costs.